# IN THE COURT OF APPEALS OF IOWA

No. 22-0249
Filed May 10, 2023


**JAMES W. PALENSKY and TERESA A. SCHEIB-PALENSKY, Individually and as Trustees of THE PALENSKY 1998 TRUST DATED FEBRUARY 25, 1998,**
    Petitioners-Appellants,

**vs.**

**STORY COUNTY BOARD OF ADJUSTMENT,**
    Respondent-Appellee,

**and**

**BRADLY PERKINS,**
    Indispensable Party.
_____


Appeal from the Iowa District Court for Story County, James C. Ellefson, Judge.


Petitioners appeal the district court's grant of summary judgment to the respondent on their petition for declaratory relief and the annulment of their petition for a writ of certiorari. **AFFIRMED.**


Gregory G.T. Ervanian and Joseph A. Cacciatore of Ervanian & Cacciatore, L.L.P., Des Moines, for appellants.

Hugh J. Cain (until withdrawal), Brent L. Hinders, and Eric M. Updegraff of Hopkins & Huebner, P.C., Des Moines, for appellee.


Heard by Tabor, P.J., and Schumacher and Buller, JJ.

**SCHUMACHER, Judge.**

James Palensky and Teresa Scheib-Palensky (the Palenskys) appeal the district court's grant of summary judgment to the Story County Board of Adjustment (Board) on the annulment of their petition for a writ of certiorari. We find (1) the district court did not err by finding that while a conditional use permit (CUP) was annulled, the Board's previous proceedings were not annulled; (2) aside from the issues of compatibility and traffic congestion, the Board substantially complied with the requirement to make written findings of fact; (3) there is substantial evidence in the record, with exceptions for compatibility and traffic congestion; (4) the Board did not act illegally by failing to consider modifications to a different CUP when it made findings regarding this CUP; (5) the Board considered the combined effects of the two CUPs; (6) the Palenskys were not denied due process; and (7) the Palenskys were not denied their right to petition the Board for redress of their grievances. We affirm the decision of the district court.

## I.     Background Facts & Proceedings

On November 20, 2017, Bradley Perkins sought a CUP for a commercial campground on his property in rural Story County.[1] He proposed to have up to twenty permanent cabins and ten parking spots for recreational vehicles. Following a meeting in February 2018, the Board approved CUP08-17 for the commercial campground. The Palenskys, who own property abutting that of

---

[1] Perkins also sought a CUP for a bed and breakfast inn and event venue that was approved as CUP09-17. CUP09-17 is the subject of *Palensky v. Story County Board of Adjustment*, No. 19-0349, 2020 WL 1879711 (Iowa Ct. App. Apr. 15, 2020). It is also the subject of *Palensky v. Story County Board of Adjustment*, No. 22-0242, 2023 WL _____ (Iowa Ct. App. ___, __ 2023), which is a companion case to this appeal.

Perkins, filed a petition for writ of certiorari. On January 30, 2019, the district court found the Board failed to make written factual findings, annulled the CUP, and remanded the matter back to the Board for written findings of fact.

The Board appealed the district court's decision. We decided a companion case, finding the Board's decision in that case did not substantially comply with requirements for written findings of fact. *Palensky*, 2020 WL 1879711, at *7. We affirmed the district court's ruling that the CUP was annulled and the matter was remanded for findings of fact. *Id.* The Board voluntarily dismissed the appeal of CUP08-17 on June 10, 2020.

Following the dismissal of the appeal, the case proceeded on remand to the Board based on the district court's ruling of January 30, 2019. On September 16, 2020, the Board made written findings of fact and again approved CUP08-17. The Palenskys filed a petition for declaratory judgment, claiming the previous proceedings were annulled, so the Board needed to initiate new proceedings before it could approve CUP08-17.[2] They also filed a petition for writ of certiorari, raising the annulment issue, claiming the Board's decision was arbitrary and capricious, and that it was not supported by substantial evidence.

On the Palenskys' petition for writ of certiorari, the court determined that its previous ruling did not nullify all of the proceedings of the Board but required the Board to make written factual findings to support the CUP. The court ruled (1) the

---

[2] The Board filed a motion for summary judgment, asserting a declaratory judgment was not an appropriate form of relief. The district court granted the Board's motion. The proceedings in district court proceeded solely on the petition for writ of certiorari. In this appeal, the Palenskys do not challenge the grant of summary judgment on the petition for declaratory judgment.

current Board had authority to make factual findings; (2) the Board properly considered the previous proceedings; (3) the Board properly considered whether to approve the CUP; (4) the Board's actions were not arbitrary, capricious, or unreasonable; (5) CUP03-19.1 had no impact on CUP08-17; (6) the Board complied with its rules for granting CUPs; (7) the Board's proceeding did not violate due process; (8) the Board did not violate the Palenskys' right to petition the government for redress of grievances; and (9) the Board's decision was supported by substantial evidence; and (10) the CUP did not violate ordinances or the Ames Urban Fringe Plan.

The court found that while the Board made adequate factual findings on most issues, the Board's findings on the issue of compatibility were not adequate. Compatibility is one of the criteria required for approval of a CUP under Story County Ordinance section 90.4(1)(A). The court also determined the Board did not make adequate factual findings on the issue of whether there was a "strong probability" the CUP would "unduly increase congestion in the roads." Story County Ordinance § 90.04(2)(C). The court remanded the case to the Board for factual findings on these two issues. The Palenskys appeal the district court's decision.

## II. Annulment

The Palenskys claim the prior proceedings before the Board relating to CUP08-17 were annulled by the district court's decision of January 30, 2019. The court stated, "It is therefore ordered the Petitioners' Petition for Writ of Certiorari is sustained, that the previous proceedings of the Board are annulled, and this matter is remanded to the Board for creation of written findings of fact regarding its

decision to approve Perkins's CUP application." The Palenskys assert the remand did not overcome the annulment. They state the Board could not make findings of fact regarding a CUP that was vacated and were required to make a new decision. Our review of a district court ruling on a writ of certiorari is for the correction of legal error. *Earley v. Bd. of Adjustment*, 955 N.W.2d 812, 816 (Iowa 2021).

The district court's decision specifically stated, "this matter is remanded to the Board for creation of written findings of fact regarding its decision." Thus, the Board needed only to make written factual findings for the decision granting CUP08-17. The district court did not rule that the CUP proceedings needed to be restarted.

On remand, the district court stated,

> None of those [prior] decisions require anything from the Board beyond findings of fact. This court understands that the CUPs were annulled or vacated, but concludes that there was no intention by any previous court to hold that the work done by the Board and the staff and the statements of persons who appeared before the Board somehow disappeared.

We conclude the district court did not err by finding that while CUP08-17 was annulled, the Board's previous proceedings were not annulled.

### III.    Other Issues

**A.**    The Palenskys assert the Board failed to make adequate factual findings to support the CUP following remand. The district court agreed with the Palenskys that the Board made inadequate factual findings on two issues—compatibility and traffic congestion—and remanded for further factual findings on these issues.

A board of adjustment is required to make written findings of fact. *Palensky*, 2020 WL 1879711, at *3. "[S]ubstantial compliance with the written-findings requirement will suffice and strict compliance is not required." *Id.* (citation omitted). "[S]ubstantial compliance means the statute or rule has been followed sufficiently so as to carry out the intent for which it was adopted." *Id.* (citation omitted). These written findings of fact are required "to enable a reviewing court to determine with reasonable certainty the factual basis and legal principles upon which the board acted." *Id.* (citation omitted). Written factual findings are also required by Story County Ordinance section 90.03(3)(G)(1)(a).[3]

We determine that aside from the issues of compatibility and traffic congestion, the Board substantially complied with the requirement to make written findings of fact. The Board's other findings were sufficiently detailed "to enable a reviewing court to determine with reasonable certainty the factual basis and legal principles upon which the board acted.'" *See id.* (citation omitted). With the exceptions noted above, we determine the Board's factual findings meet the requirements of Story County Ordinance section 90.03(3)(G)(1)(a).[4]

**B.** The Palenskys claim CUP08-17 is not supported by substantial evidence. They state there were no factual findings that the CUP (1) was in accord with the Ames Urban Fringe Plan; (2) was compatible with the character of the immediate vicinity; (3) would adequately safeguard the health, safety, and general

---

[3] Story County Ordinance section 90.03(3)(G)(1)(a) provides the Board "shall establish a finding of facts based upon information contained in the application, the staff report, and the Commission recommendation and presented at the Commission or Board of Adjustment hearings."

[4] On the issue of new evidence, we refer to our footnote 4 in *Palensky*, No. 22-0242, and reach the same conclusion in this case.

welfare of persons residing in surrounding property; and (4) would not unduly increase congestion in the roads. *See* Story County, Iowa, Code of Ordinances § 90.04(1), (2).

We note this case is remanded to the Board for written factual findings on the issues of compatibility and traffic congestion. We therefore make no determination as to whether the Board's current findings of compatibility and traffic congestion are supported by substantial evidence. As to the other issues, the Palenskys raised the same concerns in the companion case, *Palensky*, No. 22-0242. Without further discussion, we adopt our rulings in that companion case. We determine there is substantial evidence in the record, with the exceptions noted above.

**C.** The Palenskys contend the Board acted illegally by failing to consider modifications to CUP09-17 when it made findings regarding CUP08-17. The Board granted approval to Perkins for CUP09-17, which included a request for an eight bedroom bed and breakfast inn. *See Palensky*, 2020 WL 1879711, at *1. On October 16, 2019, CUP09-17 was modified by CUP03-19.1, which reduced the number of bedrooms in the bed and breakfast inn to four but included an addition to the building for an indoor event venue.

CUP03-19.1 has no direct bearing on CUP08-17. It modified CUP09-17, the CUP for a bed and breakfast inn and event venue. It has no direct relationship to CUP08-17, which is for a commercial campground. We find no error in the district court's conclusion, "CUP03-19.1 has even less impact on CUP08-17, the CUP involved in this case, than it does on CUP09-17, the subject of the first case."

**D.** The Palenskys also claim the Board did not consider the combined effects of CUP09-17 as modified and CUP08-17. In the companion case, *Palensky*, No. 22-0242, we stated, "Both CUP09-17 and CUP08-17 were considered by the Board on September 16, 2020. In the factual findings for CUP09-17, the Board addressed the modifications occasioned by approval of CUP03-19.1. The Board was not required to hold a new hearing to consider the combined effects of the CUPs." Following the remand, the Board considered CUP08-17 and CUP09-17 together.

## IV. Due Process

The Palenskys claim the Board's proceedings following remand violated due process. We review constitutional issues, such as due process claims, de novo. *PSFS 3 Corp. v. Michael P. Seidman, D.D.S., P.C.*, 962 N.W.2d 810, 832 (Iowa 2021).

We adopt the same analysis and conclusions in this case on the issue of due process violations as we do in the companion case, *Palensky*, No. 22-0242. We determine the Palenskys have not shown they were denied due process.

## V. Petition for Redress of Grievances

The Palenskys assert their constitutional right to petition for the redress of grievances was violated. *See* U.S. Const. amend. I (providing a right "to petition the Government for a redress of grievances"); Iowa Const. art. I, § 20 ("The people have the right freely to assemble together to counsel for the common good; to make known their opinions to their representatives and to petition for a redress of grievances."). Our review of this constitutional claim is de novo. *Mitchell Cnty. v. Zimmerman*, 810 N.W.2d 1, 6 (Iowa 2012).

Again, we adopt the same analysis and conclusion in this case as we reached in the companion case, *Palensky*, No. 22-0242. We determine the Palenskys have not been denied their right to petition the Board for redress of their grievances.

Following the district court's decision, CUP08-17 was remanded to the Board for further factual findings on the issues of compatibility and traffic congestion. We affirm the decision of the district court.

**AFFIRMED.**